UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MICHAEL WRIGHT,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/18/21_____

16-CV-4408 (KMW)

12-CR-442 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

    Petitioner Michael Wright seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2255, to vacate his conviction for possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). (ECF No. 1 (the "Petition").) Wright contends that the Supreme Court's holding in *United States v. Davis* invalidates his conviction. 139 S. Ct. 2319 (2019). The Government opposes the Petition. For the reasons set forth below, the Petition is DENIED.[1]

## BACKGROUND

    On October 3, 2012, Wright was charged in a superseding indictment (unsealed on March 27, 2013) with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count Two); and possession of a firearm that was brandished in connection with the Hobbs Act robbery charged in Count Two, in violation of 18 U.S.C. §§ 924(c)(1)(a)(ii) and 2 (Count Three). (Gov't Opp'n at 1, ECF

---

[1] The issues raised in the Petition overlap substantially with those raised by the section 2255 petition of one of Wright's co-defendants, Jason Kortbawi. (*See* ECF No. 1, 16-CV-4934.) A parallel opinion has been issued today in Kortbawi's case. Another co-defendant, Casius Ernest, also filed a section 2255 petition raising similar issues. On November 30, 2020, Ernest voluntarily dismissed that petition after defense counsel concluded that it was "not legally viable." (Let. at 1, ECF No. 16, 16-CV-4848.)

No. 34.²)

On June 21, 2013, Wright pleaded guilty, pursuant to a plea agreement, to Counts One and Three. (*Id.*) The plea agreement, however, did not accurately describe the predicate offense for Count Three. Although the indictment charged Wright with brandishing a firearm in furtherance of Count Two (Hobbs Act *robbery*), the plea agreement described Count Three as a charge for brandishing a firearm in furtherance of Count One (Hobbs Act *conspiracy*). (*Id.* at 2; Plea Agreement at 1, Pet'r Br. at Ex. A, ECF No. 33.)

On December 12, 2013, Wright was sentenced to a term of imprisonment of one day on Count One and a mandatory consecutive term of 84 months on Count Three, to be followed by five years of supervised release.³ (*Id.*; Judgment at 2-3, Pet'r Br. at Ex. E.) The judgment, accordingly, states that Wright was convicted on Counts One and Three. (Judgment at 1.) As in the plea agreement, however, the column in the judgment that describes the "nature of offense" represents that Count Three is a charge for brandishing a firearm in furtherance of robbery conspiracy, rather than substantive robbery. (*Id.*)

The distinction between a section 924(c) conviction based on a predicate crime of conspiracy, as opposed to one based on a predicate crime of substantive robbery, is significant. Section 924(c) makes it unlawful to use or carry a firearm "during and in relation to any crime of violence" or to possess a firearm in furtherance of such a crime. 18 U.S.C. § 924(c)(1)(A). The statutory definition of "crime of violence" has two clauses. The so-called "elements clause" or "force clause" covers any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A). The

---

² Unless otherwise specified, all docket citations refer to the electronic docket in the civil case, 16-CV-4408.

³ The Court's understanding, based on public information from the Bureau of Prisons, is that Wright was released from federal custody on October 25, 2019 and is currently on supervised release.

"residual clause" then covers any felony that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B); *see Williams v. United States*, 2020 WL 6683075, at *2 (S.D.N.Y. Nov. 12, 2020) (Wood, J.).

In June 2015, roughly 18 months after Wright was sentenced, the Supreme Court held that the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) violated the Fifth Amendment's "prohibition of vagueness in criminal statutes." *Johnson v. United States*, 576 U.S. 591, 593-97 (2015). After that decision, Wright filed the Petition, arguing that the residual clause in section 924(c)(3)(B) was likewise unconstitutional. (Pet. at 5, ECF No. 1.) Since August 2016, Wright's case has been stayed while this question was litigated in other forums. (*See* ECF Nos. 9, 21, 32.) On June 24, 2019, the Supreme Court held that the residual clause of section 924(c)(3)(B) was, indeed, "unconstitutionally vague." *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

In light of *Davis*, "[i]t is now clear that conspiracy to commit Hobbs Act robbery is not a valid predicate for a § 924(c) conviction." *Jimenez v. United States*, 2019 WL 5306976, at *1 (S.D.N.Y. Oct. 21, 2019) (Hellerstein, J.); *see United States v. Barrett*, 937 F.3d 126, 128 (2d Cir. 2019) (emphasis in original) (stating that a "conviction for using a firearm in committing Hobbs Act robbery *conspiracy* must be vacated because the identification of that crime as one of violence depends on the § 924(c)(3)(B) residual clause definition, which *Davis* has now pronounced unconstitutionally vague"). In contrast, substantive Hobbs Act robbery remains a valid predicate for a section 924(c) conviction. *See, e.g.*, *United States v. White*, 2020 WL 5898680, at *1 (S.D.N.Y. Oct. 5, 2020) (Caproni, J.); *see also United States v. Hill*, 890 F.3d 51, 58-60 (2d Cir. 2018) (holding that "Hobbs Act robbery is categorically a crime of violence" under the "force clause").

Accordingly, on July 10, 2019, Wright supplemented the Petition, arguing that his section 924(c) conviction is predicated on a Hobbs Act conspiracy and thus invalidated by *Davis*. On July 22, the Government filed an opposition, contending that the section 924(c) conviction is predicated on a substantive Hobbs Act robbery and is thus unaffected by *Davis*. On July 23, Wright filed a reply. (ECF No. 35.)

## LEGAL STANDARDS

Pursuant to the federal habeas corpus statute, a defendant may move the court to set aside a sentence when "the court was without jurisdiction to impose such sentence" or the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the court finds that a "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack," the court "shall vacate and set the judgment aside." *Id.* § 2255(b). It is well settled that "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979).

In addition, a guilty plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). But the Supreme Court has "strictly limited the circumstances under which a guilty plea may be attacked on collateral review." *Bousley*, 523 U.S. at 621. The voluntariness and intelligence of a plea may be attacked collaterally only if challenged first on direct review. *Id.* Habeas review is an "extraordinary remedy" and "will not be allowed to do service for an appeal." *Id.* (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994)). Consequently, if a defendant has defaulted a claim regarding the validity of a plea agreement by failing to raise it on direct appeal, "the claim may be raised in habeas only if the defendant can first demonstrate

4

either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'" *Bousley*, 523 U.S. at 622 (citations omitted).

## DISCUSSION

### I. Wright's Section 924(c) Conviction

The parties' respective interpretations of the indictment, plea agreement, and judgment result in disagreement about the section 924(c) crime for which Wright was convicted. As described below, the Court agrees with the Government that Wright's conviction on Count Three reflects a conviction for using a firearm in furtherance of the Hobbs Act robbery charged in Count Two.

Wright does not dispute that Count Three of the superseding indictment charges him with possessing a firearm that was brandished in connection with a crime of violence, "namely, the robbery offense charged in Count Two." (Pet'r Br. at 1; Superseding Indictment at 3, ECF No. 32 (12-CR-442).) Wright argues, however, that pursuant to the plea agreement, he was convicted of possessing a firearm in furtherance of a *conspiracy*. (Pet'r Br. at 1.) He argues that the judgment also reflects a conviction for possessing a firearm in furtherance of a Hobbs Act conspiracy. (*Id.* at 3.)

In response, the Government argues that it is "true, but irrelevant" that the plea agreement inaccurately describes the predicate offense for Count Three. (Gov't Opp'n at 2.) According to the Government, that "descriptive error" cannot change Wright's count of conviction, as charged in the indictment. (*Id.*) The Government asserts that the parties do not have authority, by agreement, to make such a "constructive amendment" of the terms of the indictment "after the grand jury has last passed upon them." (*Id.* (citing *United States v. Zingaro*, 858 F.2d 94, 98-99 (2d Cir. 1988)).) In addition, the Government argues that the judgment states that Wright was convicted of Count Three. (Gov't Opp'n at 2, 2 n.1.)

5

The parties thus do not dispute the terms of either the indictment or the plea agreement. By emphasizing different items in the judgment, however—Wright focuses on the "nature of offense" column, whereas the Government focuses on the column identifying a conviction on Count Three—the parties reach different conclusions about Wright's actual conviction.

Neither party explains how Count Three came to be inaccurately described in the plea agreement. Nor has either party identified precedent that precisely governs these idiosyncratic circumstances. Wright cites only to the federal habeas corpus statute itself, which states that when a court finds a "judgment" vulnerable to collateral attack, the court shall vacate and set that judgment aside. (28 U.S.C. § 2255(b); Pet'r Br. at 4-5.) Because, in Wright's view, the judgment reflects a conviction for possessing a firearm in furtherance of a conspiracy, it is invalid pursuant to *Davis*, and "there is no basis for Wright's section 924(c) conviction." (Pet'r Br. at 4-5.) The Government, however, contends that the judgment cannot mean what Wright believes it to mean, citing a Second Circuit case, *Zingaro*, 858 F.2d 94, to the effect that the parties lack the authority to agree to a conviction beyond the scope of the indictment. (Gov't Opp'n at 2.) Because, in the Government's view, the judgment reflects a conviction on Count Three—possessing a firearm in furtherance of Hobbs Act robbery—*Davis* does not disturb the conviction. (*Id.*)

The Court recognizes that the "nature of offense" description in the judgment is not consistent with the terms of Count Three, as charged, nor with the terms of the plea agreement. In these circumstances, however, the Court declines to read the judgment in a manner that would entail a constitutionally impermissible constructive amendment, expanding the scope of the indictment beyond the charges returned by the grand jury. *See Zingaro*, 858 F.2d at 98 ("It is well settled that the constructive amendment of an indictment is *per se* violative of the grand jury clause of the [F]ifth [A]mendment.").

6

Accordingly, Wright's conviction on Count Three is predicated, consistent with the charges filed in the indictment, on a substantive Hobbs Act robbery. As such, the conviction is undisturbed by *Davis*. *See White*, 2020 WL 5898680, at *1 (denying habeas petition when section 924(c) convictions were predicated on Hobbs Act robbery).[4]

None of the foregoing analysis, however, should be understood as endorsing the Government's actions with respect to the plea agreement and the parties' inability to avoid the present dispute. The record demonstrates that the Government presented Wright with a plea agreement that did not correctly describe the predicate offense for Count Three. Neither the Government nor Wright identified this error before entering into the plea agreement. Indeed, as Wright points out, the Government represented both to Wright and to the Court that the Count Three conviction related to a conspiracy, rather than a robbery charge. (Pet'r Br. at 2-3, Ex. B at 12-13, Ex. C at 2-3, Ex. D.) The Government's statement that such "descriptive error" is "true, but irrelevant" glosses over the Government's own oversights in creating the circumstances of this dispute in the first instance and in crafting a plea agreement that, in the Government's words, "plainly disregards the language of the superseding indictment." Such oversights can—and should—be avoided.

## II. *Collateral Challenge to Plea Agreement*

The above holding raises vexing questions about Wright's plea agreement. Wright asserts that he is *not* challenging the validity of the plea agreement. (Pet'r Reply at 2.) Rather,

---

[4] As the Government points out, it is immaterial that Wright was not *convicted* of the predicate Hobbs Act robbery. *See Johnson v. United States*, 779 F.3d 125, 129-130 (2d Cir. 2015) ("The plain language of § 924(c) requires only that the predicate crime of violence . . . have been committed; the wording does not suggest that the defendant must be separately charged with that predicate crime and be convicted of it."). In this instance, it is clear that the robbery in fact occurred. (*See, e.g.*, Plea Allocution, Pet'r Br. at Ex. B, p. 16 ("I agreed with other people to unlawfully take property from jewelry stores in Queens and New York City. . . . [O]n April 5, 2012, one of the members of the group possessed a gun which was shown and brandished to the people in the jewelry store.").)

7

Wright contends that, even if there were a basis to find that he was convicted of a section 924(c) violation predicated on a Hobbs Act robbery (Wright argues that there is no such basis), that conviction would be "patently invalid" because Wright's plea would not be "voluntary" and "intelligent," nor would it convey the "true nature of the charge." (Pet'r Br. at 5 (citing *Bousley v. United States*, 523 U.S. 614, 618 (1998)).)

As the Supreme Court explained in *Bousley*, there are limited circumstances in which a guilty plea may be attacked collaterally. 523 U.S. at 621. If a defendant has failed to challenge the voluntariness and intelligence of the plea on direct appeal, "the claim may be raised in [a section 2255 petition] only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'" *Id.* at 622 (citations omitted); *see Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007) (stating that, if a claim that a guilty plea was involuntary "has not been presented on direct review, the procedural default bar may be overcome only where the petitioner establishes either (1) 'cause' for the failure to bring a direct appeal and 'actual prejudice' from the alleged violations; or (2) 'actual innocence.'").

Wright did not file a notice of appeal after the judgment was entered. Wright argues, however, that he has adequately demonstrated both "cause" and "prejudice" so as to overcome the procedural default. (Pet'r Reply at 2.)

Wright argues that "cause" exists because there was no reasonable basis, when the agreement was entered, to challenge the constitutionality of the residual clause in section 924(c)(3)(B). (Pet'r Reply at 2.) Wright further asserts that prejudice is "plain" because an unconstitutional section 924(c) conviction, predicated on a conspiracy charge, led to a mandatory minimum sentence of seven years. (*Id.*) But the flaw in Wright's plea agreement that may have been subject to review on direct appeal does not relate to the constitutionality of section 924(c)(3)(B). Rather, the potential error stems from an inconsistency between the charges filed

8

in the indictment and the plea agreement into which Wright entered—a series of events that the Government now argues constitutes an impermissible "constructive amendment" of the terms of the indictment. (Gov't Opp'n at 2.)

The Court need not decide whether Wright has established "cause" or "prejudice" on these grounds, however, because Wright has in any event failed to make an adequate showing of "prejudice." Federal Rule of Criminal Procedure 11 establishes the requirements for plea allocutions and is "designed to ensure that a defendant's plea of guilty is a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Zhang*, 506 F.3d at 168 (quoting *United States v. Andrades*, 169 F.3d 131, 133 (2d Cir. 1999)). In order to challenge a guilty plea conviction on the basis of a Rule 11 violation, the petitioner "must establish that the violation constituted a 'constitutional or jurisdictional' error, or establish that the error resulted in a 'complete miscarriage of justice,' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.'" *Zhang*, 506 F.3d at 168 (citing *United States v. Timmreck,* 441 U.S. 780, 783 (1979)). The petitioner also must show that the violation was prejudicial—if the error was not preserved, the petitioner must show that "the violation affected substantial rights and that there is a reasonable probability that, but for the error, he would not have entered the plea." *Zhang*, 506 F.3d at 168 (quoting *United States v. Vaval,* 404 F.3d 144, 151 (2d Cir. 2005)).

Wright has made no showing that, but for the descriptive errors in the plea agreement, he would not have pleaded guilty to Count Three. Consequently, irrespective of whether Wright has established "cause," he has not made the requisite showing of prejudice. To the extent that Wright is challenging the validity of his guilty plea, that challenge thus fails.

## CONCLUSION

For the reasons set forth above, Wright's Petition is DENIED. Because Wright has not

made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2).

The Clerk of Court is respectfully directed to terminate the Petition at ECF No. 1 and to close civil case number 16-CV-4408. Any pending motions in case number 16-CV-4408 are moot.

SO ORDERED.

Dated: New York, New York
February 18, 2021

                                                      */s/ Kimba M. Wood*
                                                      KIMBA M. WOOD
                                               United States District Judge